**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

In the Matter of E.Z., and S.Z.              )
                                             )
ARNALDUR SCHRAM                              )
                                             )
                    Petitioner,              )
                                             )                    No. 21-cv-6524 _____
vs.                                          )
                                             )
TANIA ZARAK                                  )
                                             )
                    Respondent.              )
_____   )

<u>**PETITION FOR RETURN OF THE CHILDREN TO PETITIONER**</u>

**The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980; International Child Abduction Remedies Act, 22 U.S.C. 9001 <u>et seq.</u>**

### I.  Preamble

1.    This Petition is brought by Arnaldur Schram ("Mr. Schram" or "Petitioner"), to secure the return of his six-year-old daughter, E.Z., and his two-year-old son, S.Z. (the "Children"), who were, without Petitioner's consent or acquiescence, wrongfully retained from Iceland to the Southern District of New York by Children's mother, Respondent Tania Zarak ("Ms. Zarak" or "Respondent"). This petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980[1] (hereinafter the "Hague Convention" or "Convention") and the International Child Abduction Remedies Act (hereinafter "ICARA") 22 U.S.C. § 9001 _et seq_.  The Convention came into effect in the United States on July 1, 1988 and was also ratified between the United States and Iceland on December 1, 1996.  A copy of the Hague Convention and ICARA are annexed hereto as **Exhibit A** and **B,** respectively.

---

[1]   T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, _reprinted in_ 51 Fed. Reg. 10493 (1986), a copy of which is attached heretoto as Exhibit A.

3.      The Convention is a treaty between sovereign states, and theretofore entitled to the same weight and deference as the Constitution of the United States.

4.      The objects of the Convention are as follows: (1) to secure the immediate return of children wrongfully removed or wrongfully removed in any Contracting State; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.  Convention, art. 1.

5.      The Hague Convention applies to cases in which one parent wrongfully removes or retains her or his child, who is under the age of sixteen (16) years, from the child's "habitual residence" in breach of the other parent's custodial rights, which were being exercised at the time of the wrongful retention of the child. Hague Convention, Art. 3.

6.      Petitioner respectfully requests that pursuant to Articles 1(a) and 12 of the Convention, this Court order that the subject Children be returned to Iceland, the Children's habitual residence.

## II.  Jurisdiction and Venue

7.      This Court has jurisdiction pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

8.      Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b) because, upon information and belief, the Children and Respondent are residing at 11 West 81st Street, Apt. 6A, New York, NY, in the Southern District of New York; and because this case involves the removal and retention of children under the ages of sixteen from their habitual residence of Iceland in the United States of America.

### III. History of the Case and Status of Petitioner and Child

9. The parties are the parents of the subject Children who are dual citizens of Iceland and the United States.[2] The father has Icelandic citizenship. The mother has Mexican citizenship.

10. The parties were married in New York on April 9, 2015.

11. E.Z. was born in 2014 in New York.

12. S.Z. was born in 2019 in California.

13. After the parties' marriage, they resided in New York until approximately July 2018 when the family relocated to Los Angeles, California for Respondent's work. After Respondent lost her job the family moved back to New York on or about July 31, 2019. The family resided in Respondent's family's one-bedroom apartment where the Children's nanny slept in the bedroom and the parties' and the Children slept in the living room.

14. After the COVID-19 pandemic erupted in or around March 2020, the parties and the Children moved to Cuernavaca, Mexico where they remained until July 2020. The parties and the Children stayed in New York for a short period before moving to Iceland on or about July 31, 2020 on one-way tickets. Shortly after arriving in Iceland, the parties purchased a home for the family in or around September 2020. The parties and the Children moved into the new home on or around November 1, 2020 which is where Petitioner and R.Z. continue to reside.

15. Respondent traveled to New York in May 2021 with S.Z. before returning to Iceland on or around May 24, 2021. After returning to Iceland, Respondent became upset with the quarantine regulations and threatened Petitioner that she would disappear with the Children if he insisted she

---

[2]    There is a third child, R.Z., who is not a subject of these proceedings as he is currently residing with the father in Iceland.

comply with the quarantine rules.[3] Petitioner, concerned with Respondent's behavior and afraid that Respondent would abscond with the Children, put in place restrictions to prevent the Children from leaving the country with the Icelandic border police.

16.    Respondent then expressed her desire to travel to Mexico for a family reunion. Still concerned that Respondent was intending to take the Children, Petitioner agreed that Respondent could travel with E.Z. and S.Z. to Mexico for a family reunion on or around June 17, 2021, assuming that Respondent would return as long as R.Z. was still in Iceland with him.

17.    However, on or around June 22, 2021, Respondent informed Petitioner that she was not planning to return to Iceland with the Children. On or around July 21, 2021, Respondent and the two subject Children traveled to New York. Respondent refused to allow the Children to return to Iceland and stated that her intention was to remain in the United States in contravention of the parties' last shared intention.

18.    Respondent has initiated divorce proceedings, including a request for custody, in New York based upon her fraudulent and deceitful actions in illegally removing and retaining the Children in New York.

19.    Petitioner never consented to the Children remaining in the United States. The parties never shared an intent to abandon Iceland, where the parties continue to have their home and where the Children have been continuously registered in school, as the Children's home in favor of the United States.

20.    The Children are acclimatized, involved and integrated in all aspects of daily life in Iceland. The Children went to school, received medical care, were engaged in activities and have

---

[3]    Respondent also informed Petitioner that she had secured the services of a lawyer and suggested he do the same. Petitioner also discovered that Respondent had secretly attempted to enroll the Children in school in New York without his knowledge.

extended family in Iceland.  Respondent even applied to and was accepted to an MBA program at the University of Reykjavik in Iceland.

21.    Petitioner has rights of custody to the Children in Iceland as fully set forth below, and he had those same rights of custody on the date Respondent wrongfully retained the Children from their habitual residence of Iceland on June 22, 2021.

### IV.  Wrongful Removal and Retention of Child by Respondent: Claim for Relief Under the Hague Convention

22.    A removal or retention of a child is wrongful under Article 3 of the Hague Convention if: (a) the removal of retention is in breach of custody rights attributed to a person, institution, or other body, either jointly or alone, under the law of the state in which the child was habitually resident immediately before the removal or retention; and (b) at the time of the removal or retention, those custody rights were actually exercised, or would have been exercised, but for the removal or retention of the child. *See* Hague Convention, Arts. 3 and 5.

23.    The Children's country of "habitual residence", as defined in Article 3 of the Hague Convention, is Iceland, which is where the Children habitually resided prior to the wrongful retention in the United States on or about June 22, 2021.

24.    Petitioner has rights of custody of the Children within the meaning of Articles 3 and 5 of the Convention.

25.    "Custody rights" under the Hague Convention are defined to include "rights relating to the care of the person of the child, and in particular, the right to determine the child's place of residence." See Hague Convention, Art. 5(a).

26.    "Custody rights" "may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State." See Hague Convention, Art. 3.

5

27. At the time of Respondent's wrongful removal and retention of the Children from Iceland, the Petitioner had and continues to have rights of custody under Icelandic law, such that the retention of the Children from Iceland is in violation of Icelandic law and is a wrongful retention within the meaning of Articles 3 and 5 of the Hague Convention.

28. In *Nelson v. Petterle*, 782 F. Supp. 2d 1081, 1092 (E.D. Cal. 2011)*,* another Hague Convention case involving Iceland, the district court stated that "Under Iceland law, 'the custody of a child entails that the parents have the right and obligation to manage the personal affairs of their child and determine his place of residence.'" *Id. citing* Iceland's Children Act, no. 76/2003, art. 28.

29. Iceland's Children Act No. 76/2003, articles 28, 28a and 29 speak to the joint custody provisions and what that entails, including deciding on the place of the child's residence. Article 31 of the Children Act states that the parties shall continue having joint custody over the children even after divorce or dissolution of cohabitation unless other arrangements are determined. A copy of the Children Act is annexed hereto as **Exhibit C.**

30. Notice is given in this pleading that the Petitioner is relying upon foreign law. Fed.R.Civ.P. 44.1.

31. At the time of the Respondent's wrongful removal and retention of the Children, the Petitioner was actually exercising custody rights within the meaning of Articles Three and Five of the Convention, in that he is the father of the Children and has exercised custody rights over the Children since they were born.

32. E.Z. was born in 2014 and will be sixteen (16) years of age in 2030. At the time immediately before the wrongful retention of the Child from Iceland, the Child habitually resided in Iceland within the meaning of Article 3 of the Convention.

33.      S.Z. was born in 2019 and will be sixteen (16) years of age in 2035.  At the time immediately before the wrongful retention of the Child from Iceland, the Child habitually resided in Iceland within the meaning of Article 3 of the Convention.

34.      The details regarding the residences of the minor Children for the last five years are as follows:  From July 29, 2016 to June 30, 2018 in New York; From June 30, 2018 to July 31, 2019 in California; From July 31, 2019 to March 16, 2020 in New York; From March 16, 2020 to July 9, 2020 in Mexico; From July 9, 2020 to July 31, 2020 in New York; From July 31, 2020 to June 17, 2021 (or present) in Iceland.

35.      Petitioner does not know of any person or institution not a party to the proceedings who has physical custody of the child or claims to have rights of parental responsibilities or legal custody or physical custody of, or visitation or parenting time with the child.

36.      Following the abduction by the Respondent from Iceland to the United States, the Children are currently being illegally held in custody, confinement and/or restraint by the Respondent in the Southern District of New York.  Upon information and belief, Respondent is keeping the Children at 11 West 81st Street, Apt. 6A, New York, NY.

37.      The Children are now six (6) and two (2) years old. The Hague Convention applies to children under sixteen (16) years of age and thus applies to these Children. Petitioner has never consented or acquiesced to Respondent's wrongful removal and/or retention of the Children.

38.      Petitioner invokes Article 18 of the Convention, which grants this Court plenary power to order the Children's return at any time.

39.      In accordance with the Article 18 equitable return factors set forth in Justice Alito's concurring opinion in *Lozano v. Montoya Alvarez*, 134 S.Ct. 1224 (2014), the Father requests that this Court exercise its equitable discretion to return the Children to Iceland under Article 18 even if the

Mother establishes one of the Convention's five narrow discretionary exceptions to return under the Convention.

40.     The Children have an interest in returning to Iceland, their country of habitual residence.  The Children have a strong need for regular contact with the Father, who was exercising rights of custody at the time the Children were retained from Iceland.  The Father has an interest in exercising his Icelandic rights of custody in Iceland.

41.     The Governments of Iceland and the United States both have an interest in discouraging inequitable conduct and deterring international child abductions.

### V.  Provisional Remedies

42.     The Father requests that the Court issue a Show Cause Order forthwith ordering the appearance of the Mother and Children before this Court on the first available date on the Court's calendar, and immediately take into safe-keeping all of the Children's passports.

43.     The Father further requests that this Court order, as a part of the Show Cause Order, a provision prohibiting either party from removing the Children from the jurisdiction of this Court during the pendency of the proceedings in this Court and thereafter issuing a Scheduling Order setting an expedited hearing on the Verified Petition for Return of Children to Iceland.

### VI. Attorney's Fees and Costs

44.     To date, Petitioner has incurred attorneys' fees and costs as a result of the wrongful retention of the Children by Respondent.

45.     Petitioner respectfully requests that this Court award him all costs and fees, including transportation costs, incurred to date as required by 22 U.S.C. § 9007.

46.     Petitioner will submit a copy of all expenditures as soon as practicable and possible and will amend these costs, from time to time, according to proof and in light of further expenditure required because of this wrongful removal and retention.

### VII.  Notice of Hearing

47.     Pursuant to 22 U.S.C. § 9003(c), Respondent will be given notice of any hearing pursuant to New York Civil Practice Laws and Rules and any other applicable law.

### VIII.  Relief Requested

**WHERETOFORE**, it is respectfully requested that the following relief be granted:

a. Set an expedited hearing on the petition and communicate that hearing date and time to petitioner so that petitioner may provide notice of these proceedings and the hearing pursuant to ICARA Section 9003(c).

b. Issue an immediate order that Respondent surrender any and all of her passports and all of the passports of the Children.

c. Issue an order following the hearing, directing that the Children shall be returned to their Habitual Residence of Iceland, pursuant to Article 12 of the Convention.

d. Enter an order prohibiting the removal of the Children from the jurisdiction of this Court pending a hearing on the merits of the Verified Petition, and further providing that no person acting in concert or participating with Respondent shall take any action to remove the Children from the jurisdiction of this Court pending a determination on the merits of this case;

e. Issue an order directing Respondent to pay Petitioner for all costs and fees incurred to date by reason of the Children's wrongful removal and retention pursuant to 22 U.S.C. § 9007; and

f. Any such further relief as justice and its cause may require.

Respectfully submitted,

By: _Richard Min_

Richard Min
Burger Green & Min LLP
420 Lexington Avenue, Suite 2834
New York, NY 10170
(212) 681-6400 (t)
(212) 681-6999 (f)

*ATTORNEYS FOR PETITIONER*

## VERIFICATION

I, Arnaldur Schram, solemnly declare and affirm under the penalties of perjury and the laws of the United States of America, that I am the petitioner in the within action and have read the foregoing Petition and know the contents of the foregoing Petition are true, to the best of my knowledge, except as to those matters alleged upon information and belief.

Dated:  August _01_ , 2021

_____

Arnaldur Schram

11